| **Jaquez v Tietz** |
| 2024 NY Slip Op 30767(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154613/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** |

*Justice*

| | | | |
|---|---|---|---|
| | | **PART** | **14** |

---------------------------------------------------------------------------------X

LUCIA JAQUEZ,

                            Petitioner,

               - v -

DANIEL TIETZ, as Commissioner of the New York State
Office of Temporary and Disability Assistance, and

GARY JENKINS, as Commissioner of the New York City
Human Resources Administration

                         Respondents.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154613/2022 |
| **MOTION DATE** | 03/04/2024[1] |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 35

were read on this motion to/for                       ARTICLE 78 (BODY OR OFFICER)      .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 30, 31, 32, 33, 34, 36, 39, 40

were read on this motion to/for                           ATTORNEY - FEES           .

       Motion Sequence Numbers 001 and 002 are consolidated for disposition. The petition

(MS001) is denied as moot and the motion by petitioner (MS002) for legal fees is granted.

**Background**

       Petitioner commenced this proceeding to challenge the allegedly unlawful taking of

$7,303.60 by respondent the Human Resources Administration ("HRA"). She claims that this

amount constituted Social Security benefits and that HRA conducted a hearing at which it

---

[1] The Court observes that this proceeding has been pending for a couple of years before different judges. Although this proceeding was only recently assigned to the undersigned, the Court apologizes on behalf of the court system for the lengthy delay in the resolution of this proceeding.

**154613/2022 JAQUEZ, LUCIA vs. TIETZ, DANIEL ET AL**
**Motion No. 001 002**

**Page 1 of 5**

[* 1]

improperly placed the burden on petitioner rather than HRA to justify the return of this money. Petitioner insists that the applicable statute clearly required that the burden be placed on HRA.

Petitioner observes that after this proceeding was commenced on June 10, 2022, the New York State Office of Temporary and Disability Assistance ("OTDA") issued a new decision in which they found in petitioner's favor.

Respondents acknowledge that a corrected decision was issued and argue that this proceeding is therefore moot. With respect to the issue of legal fees, respondents argue that petitioner failed to satisfy the two factors in order for her to recover legal fees under New York State's Equal Access to Justice Act ("EAJA"). They insist that petitioner had to show that respondents' position was not substantially justified and that she was the prevailing party. Respondents maintain that while petitioner "may" have satisfied the first prong, she did not show that she was the prevailing party as she did not obtain a favorable judgment.

Respondents also claim that petitioner did not meet her burden to show that she meets the qualification for fees under the EAJA (under CPLR 8602[d]). They argue in the alternative, that the sums sought by petitioner's counsel should be reduced in the event the Court decides to grant this requested relief.

In reply, petitioner questions how respondents could claim that petitioner makes too much to qualify for legal fees. She emphasizes that this entire dispute concerns the fact that she is the recipient of public assistance and that she was approved for Supplemental Security Income. Petitioner insists that individuals who receive public assistance must possess less than $2,000 in liquid and non-liquid resources. She also submits documents purporting to show she has about $7,000 in assets which is comprised of benefits received from the Social Security Administration.

**154613/2022   JAQUEZ, LUCIA vs. TIETZ, DANIEL ET AL**
  **Motion No.  001 002**

**Page 2 of 5**

**Discussion**

On this record, the Court finds that the petition is moot and the only remaining issue is legal fees.

The Court finds that petitioner met her burden to show that she is entitled to seek legal fees under CPLR 8602(d) as she demonstrated that she possesses assets below the maximum threshold.  The Court observes that there is little doubt on this record, particularly due to petitioner's receipt of public assistance, that she qualifies to seek legal fees under the EAJA. And she submitted an affidavit confirming this (NYSCEF Doc. No. 40 at 6).

Next, the Court finds that respondents' initial position was not substantially justified as respondents changed their position (and issued a decision in petitioner's favor) after this proceeding was commenced.   The central issue remaining in this opinion is whether petitioner substantially prevailed.

The Court finds that petitioner substantially prevailed under the catalyst theory (*see Liu v Ruiz*, 200 AD3d 68, 158 NYS3d 25 [1st Dept 2021]). Under this theory, a petitioner can seek legal fees under the EAJA "on the basis that her commencement of this proceeding catalyzed the desired outcome" (*id* at 74). In the moving papers, petitioner's attorney submits an affirmation that she emailed a request for reconsideration concerning respondents' determination on April 5, 2022 (NYSCEF Doc. No. 32, ¶ 21).  She explains that she assumed the respondents would modify their decision as the applicable statute clearly required the burden to be on HRA and not on petitioner, meaning there was a clear error at petitioner's hearing.

However, petitioner explains that the statute of limitations was fast approaching (the decision after hearing was dated February 2, 2022) and she did not receive a response from respondents.  So petitioner commenced this petition on May 27, 2022.  Based on these

**154613/2022   JAQUEZ, LUCIA vs. TIETZ, DANIEL ET AL**
**Motion No.  001 002**

**Page 3 of 5**

3 of 5

[* 3]

circumstances, the Court finds that petitioner is clearly entitled to recover reasonable legal fees. She did what she was supposed to do—filed the requisite reconsideration request. Petitioner was under no obligation to wait until the limitations period expired, hope that respondents agreed with her position and risk that she might lose on procedural (timeliness) grounds. Only after petitioner filed this proceeding did she get the desired outcome. It should not be that someone has to sue in order to get the agency to do the right thing, and so if someone has to sue, attorneys' fees should be awarded.

The next question for this Court is the amount of legal fees to award petitioner. Petitioner's attorneys ask for $15,057 in legal fees and attaches both the billing records as well as a chart summarizing their fees (NYSCEF Doc. No. 33). Petitioner charged $450 per hour for one attorney and $425 for the other attorney who worked on the matter (*id*.).

Respondents do not challenge the time spent; instead, they contend that these rates are excessive. The Court finds this argument wholly without merit. Charging $450 an hour while practicing law in Manhattan is inherently reasonable. As a point of reference, apparently Big Law partners now charging nearly $2,000 an hour, with some charging up to $2,600 (Dan Roe, *Top Big Law Partners Are Earning More Than $2,400 Per Hour, as Rates Continue to Climb*, New York Law Journal, Jan. 10, 2024).

To be sure, this Court makes no finding that charging $2,000 an hour is reasonable. But the point is that claiming that $450 an hour is excessive is not a persuasive argument given the current market for billing rates. Moreover, petitioner's attorneys are experienced attorneys. Ms. Jois, who billed for 31.7 of the 37.5 hours billed is a 2007 graduate of Harvard Law School. Ms. Biberman, the other attorney who worked on this matter, graduated from Temple Law School in 2010. The Court is simply unable to find that the amount charged for two attorneys, both of

**154613/2022   JAQUEZ, LUCIA vs. TIETZ, DANIEL ET AL**
**Motion No.  001 002**

**Page 4 of 5**

[* 4]

[* 5]

whom have more than a decade of experience, should be reduced. And the Court observes that petitioner took ten percent off the bill. The Court finds that given the relatively small amount of fees sought, no hearing is required as the fees are, on their face, quite reasonable.

Accordingly, it is hereby

ADJDUGED that the petition (MS001) is moot in light of respondents' new determination; and it is further

ADJUDGED that petitioner is entitled to reasonable legal fees (MS002) in the amount of $15,057 plus costs and disbursements and the Clerk is directed to enter judgment accordingly, in favor of petitioner and against respondents, jointly and severally, upon presentation of proper papers therefor.

| 3/11/2024 | | | | |
|-----------|--|--|--|--|
| DATE | | | ARLENE P. BLUTH, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|--|----------------------|--|
| | | GRANTED | ☐ DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154613/2022   JAQUEZ, LUCIA vs. TIETZ, DANIEL ET AL**
**Motion No.  001 002**

**Page 5 of 5**

5 of 5